UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DENNIS BARNES**                                              **CIVIL ACTION**

**VERSUS**                                                     **NO: 09-6629**

**RITE-AID**                                                   **SECTION: B(4)**

<u>ORDER AND REASONS</u>

Before the Court is Defendant's Motion for Partial Summary Judgment (Rec. Doc. No. 32) and Plaintiff's opposition thereto (Rec. Doc. No. 40), as well as Defendant's Reply in Support of its Motion for Partial Summary Judgment. (Rec. Doc. No. 47) For the following reasons, **IT IS ORDERED** that Defendant's motion for partial summary judgment is **GRANTED**.[1]

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party has the burden of showing there is no genuine issue of material fact, but may discharge this burden by showing the absence of evidence necessary to support an essential element of the nonmoving party's case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party must put

---

[1] We are grateful for the work on this case by Camalla M. Kimbrough, a Tulane University Law School extern with our chambers.

forth competent evidence and cannot rely on unsubstantiated assertions and conclusory allegations. *Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994). The mere existence of a scintilla of evidence on the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find for that party. *Anderson*, 477 U.S. at 248.

In a summary judgment proceeding, factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996) (citation omitted). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. *Anderson*, 477 U.S. at 249-51.

"Before pursuing claims in federal court, employment discrimination plaintiffs must exhaust their administrative remedies by filing a charge of discrimination with the EEOC." *Joseph v. Univ. of Tex. Med. Branch at Gavelston*, 2006 WL 1442108 at *1 (S.D. Tex. May 23, 2006) (citing *Pacheco v. Mineta*, 2006 WL 1195989, at *3 (5th Cir. May 5, 2006); *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002)). "Court action cannot encompass facts or issues that do not relate to the subject matter of the EEOC charge." *McCray v. DPC Indus., Inc.*, 942 F. Supp. 288, 294 (E.D. Tex. 1996) (citing *Anderson v. Lewis Rail Serv. Co.*, 868

F.2d 774, 775 (5th Cir. 1989). Therefore, "any charge not alleged in the EEOC complaint and/or reasonably expected to grow out of the EEOC investigation is barred from judicial review." *Oramous v. Military Dep't of Louisiana*, 2007 WL 2344921, at *1 (E.D. La. Aug. 15, 2007) (citing *Thomas v. Texas Dep't of Crim. Justice*, 220 F.3d 389, 395 (5th Cir. 2000) (citation omitted); *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995).


**Plaintiff's EEOC Charge**

Plaintiff concedes that the Charge he filed with the EEOC does not contain a retaliation claim. (Rec. Doc. No. 40-1 p. 1); (Rec. Doc. No. 32-2 p. 2) Plaintiff admits that he only checked the boxes for race discrimination and sex discrimination. (Rec. Doc. No. 40-1 p. 1); (Rec. Doc. No. 32-2 p. 2) The Fifth Circuit has held that a plaintiff fails to exhaust his administrative remedies as to a particular claim if the plaintiff fails to check the appropriate box on his EEOC charge form. *See Luna v. Lockheed Martin Corp.*, 54 Fed. Appx. 404 (5th Cir. 2002)("Here, in his EEOC charge, Luna failed to mark the box indicating his intention to bring a claim of national origin. Rather, Luna only checked the box indicating his intention to bring a claim of retaliation. Because Luna did not raise [a] national origin discrimination claim in his EEOC charge, Luna failed to exhaust his administrative remedies as to that claim. Therefore, we conclude that the district court correctly

granted Lockheed's motion for summary judgment on Luna's claim of national origin discrimination."); *See also Teffera v. North Texas Tollway Authority*, 121 Fed. Appx. 18, 21 (5th Cir. 2004) (noting that where plaintiff did not check the retaliation box on his EEOC charge, plaintiff did not exhaust his claim with the EEOC and therefore could not bring the claim in a civil action).

Plaintiff argues that he exhausted his retaliation claim with the EEOC because although he did not check the retaliation box on his Charge, he checked the retaliation box on an EEOC intake form. (Rec. Doc. No. 40 p. 1); (Rec. Doc. No. 32-4 p. 2)  The Fifth Circuit rejected a similar made by the plaintiff in *Teffera*.  The court there stated:  "Although Teffera checked 'retaliation' on the *pre-charge EEOC form*, he did *not* do so on the EEOC charge; there, he referenced only discrimination because of national origin.  The district court correctly dismissed Teffera's Title VII retaliation claim for not exhausting it with the EEOC."  *Teffera*, 121 Fed. Appx. at 21.

The court in *McCray* reached a similar conclusion, holding that the plaintiff could not assert a Title VII retaliation claim because the claim was included in the EEOC intake questionnaire attached to the charge, rather than in the actual charge. *McCray*, 942 F. Supp. at 295.  The court noted that "[i]ntake questionnaires and EEOC discrimination charges are two separate things." *Id*. (citation omitted). It reasoned that treating the questionnaire as

4

a substitute for the charge would "dispense with the requirement of notification of the prospective defendant, since that is a requirement only of the charge and not the questionnaire." *Id.*(citation omitted). *See further Boudreaux v. St. Charles Mosquito Control, Inc.*, 2010 WL 2854276, at *4 (E.D. La. July 19, 2010) ("The policy behind checking the right boxes and clearly articulating a factual basis and/or supplementing charges with additional information serves to enhance the administrative enforcement process by ensuring that the EEOC can conduct a full investigation while also providing the employer with advanced notice of the claim and opportunity to resolve the dispute.")

The Fifth Circuit has found that a plaintiff's failure to check a box on an EEOC charge is not always a fatal error. In *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1960), the court found that the plaintiff's failure to check the national origin box on her charge was a mere "technical defect or omission." *Id*. at 462. The court noted that the selection of which box to check "is in reality nothing more than the attachment of a legal conclusion to the facts alleged." *Id*. According to the court, "the crucial element of in a charge of discrimination is the factual statement contained therein." *Id*. Because plaintiff alleged facts sufficient to give rise to a national origin discrimination claim, the court found that plaintiff's failure to mark the appropriate box did not bar her from including in her judicial complaint

allegations regarding national origin discrimination.  *See id*. at 463-64.

Unlike the plaintiff in *Sanchez*, however, nowhere in Plaintiff's Charge did he allege facts which would give rise to a claim of retaliation.  Plaintiff states in the "particulars" of his Charge that his district manager told him on one occasion that certain stores "were not suitable for a young Black man" and that a few days later, he was written up for a prior incident that was not his fault.  (Rec. Doc. No. 32-3) Plaintiff asserts that he refused to sign the write up, and that he was eventually laid off.  (Rec. Doc. No. 32-3)

Plaintiff's Charge contains no allegations that Plaintiff complained or engaged in any other conduct sufficient to alert the EEOC to look for retaliation.[2]  (Rec. Doc. No. 32-3)  Plaintiff merely poses a hypothetical question which may or may not have unearthed his retaliation claim.  (*See* Rec. Doc. No. 40 pgs. 3-4) ("An obvious question would occur at the point in the charge where [the district manager] advised that certain stores were not suitable for a young Black man.  The question would be, 'What did you (plaintiff) say in response?  Did you object?' Assuming plaintiff's answer were affirmative...").

---

[2]In his Complaint, Plaintiff alleges that he was written up, given fewer assignments, and eventually laid off "in retaliation for his final complaint about discriminatory assignment to full time positions." (Rec. Doc. No. 32-4 p. 2)

Furthermore, Plaintiff's last sentence in the particulars of the Charge states: "I believe that I have been discriminated against because of my race, Black, and my sex, Male, in violation of Title VII." (Rec. Doc. No. 32-3) This statement contains no claim of retaliation, nor allegations which would give rise to a claim of retaliation. Several courts in the Fifth Circuit have held that a plaintiff fails to exhaust his administrative remedies as to a particular claim if his charge does not contain the claim or make allegations giving rise to the claim. *See Oramous*, 2007 WL 2344921, at *2 (court found that in addition to not checking the retaliation box on the charge form, there was "no mention of any retaliatory conduct in the particulars of the charge." Therefore, plaintiff failed to exhaust her administrative remedies as to her retaliation claim.); *McCray*, 942 F. Supp. at 294 ("McCray did not check the retaliation box on his EEOC charge, and the text of the charge does not refer to retaliation or contain any factual allegations to support a retaliation claim. This failure to exhaust administrative remedies bars McCray's retaliation claim in this lawsuit."); *May v. Fedex Freight Se., Inc.*, 649 F. Supp. 2d 451, 456 (M.D. La. 2009)("The fact that plaintiff failed to check the box by 'Retaliation' and make any other allegations of retaliation with respect to her discrimination claims confirms that she has failed to exhaust administrative remedies on this claim. A plethora of Fifth Circuit jurisprudence supports the Court's

finding."); *Lee v. Kroger Co.*, 901 F. Supp. 1218, 1224 (S.D. Tex 1995) (where Plaintiff only checked the retaliation box and stated in the particulars of the charge "I believe that I have been discriminated against in retaliation for filing two charges against the company in violation of Title VII..." court found that plaintiff only set forth an allegation of retaliation and therefore was precluded from maintaining additional claims of racial discrimination and harassment.).

**Scope of Plaintiff's EEOC Charge**

In the alternative, Plaintiff argues that his Charge is sufficient to bring a retaliation claim because such a claim is within "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." (Rec. Doc. No. 40 p. 2) Plaintiff cites *Tisdale v. Federal Exp. Corp.*, 415 F.3d 516 (6th Cir. 2005), where the court found that the plaintiff had exhausted his administrative remedies as to his retaliation claim even though it was not included in the charge because "both his discrimination claim and his retaliation claim contain the same common core of operative facts" which would have prompted an EEOC investigation into the retaliation claim. *Id*. at 528.

Plaintiff's reliance on *Tisdale* is misplaced, however, because *Tisdale* is a Sixth Circuit case which does not rely on, or cite to, any Fifth Circuit authority for the portion of the decision relevant to this case. The Fifth Circuit and numerous courts in

the Eastern District of Louisiana have held that a claim is not reasonably expected to grow out of a Plaintiff's EEOC Charge where the claim is not alleged in a charge. For example, the court in *Slocum v. Guardsmark, L.L.C.*, No. 08-685, 2008 U.S. Dist. Lexis 111360, at *7 (E.D. La. Dec. 20, 2008) stated:

> While Courts are instructed to construe EEOC complaints liberally, this Court may not read facts that are simply not present on the charge form. Not only is the "retaliation" box not marked on the form, but there is no mention of retaliation anywhere in the body of the form. The Fifth Circuit has held that a claim is not reasonably expected to grow out of a Plaintiff's EEOC charge if the claim is absent on the charge form. *See Kebiro v. Walmart*, 193 Fed. Appx. 365, 367 (5th Cir. 2006); *Thomas v. Dep't of Crim. Justice*, 220 F.3d 389, 395 (5th Cir.). Further, numerous Courts in the Eastern District of Louisiana have barred claims under similar circumstances, holding that a Plaintiff who fails to mention retaliation on a EEOC charge form may not later bring that claim. *See Huda v. Lockheed Martin*, 2008 U.S. Dist. LEXIS 12325, 2008 WL 191300 (E.D. La. 2008) (Barbier, J.); *Gomez v. Orleans Parish Sch. Bd.*, 2005 U.S. Dist. LEXIS 17810, 2005 WL 2050285 (E.D. La. 2005) (Engelhardt, J.). As a result, this Court lacks subject matter jurisdiction over the Plaintiff's Title VII retaliation claim.

*Id*.

Likewise, in *Olubadewo v. Xavier Univ.*, No. 07-4587, 2009 U.S. Dist. Lexis 29318, at *20 (E.D. La. Apr. 6, 2009) the court held that the plaintiff failed to exhaust his administrative remedies where he did not check the retaliation or allege any retaliatory conduct in the particulars of his charge. *Id*. The court noted that the EEOC's investigation "could not reasonably have been expected to encompass any retaliation when plaintiff checked the race, sex, nationality, and age boxes on the form, but left the

9

retaliation box blank."  *Id*. at *21 (citation omitted)

In sum, Plaintiff's Charge did not include a retaliation claim or allege facts which would give rise to a retaliation claim. Furthermore, such a claim is not reasonably expected to grow out of an EEOC investigation of the Charge.  Therefore, Plaintiff failed to exhaust his administrative remedies as to his retaliation claim, and is thereby precluded from bringing the claim in this civil action as a matter of law.  Because this Court does not have jurisdiction over the retaliation claim, Defendant's motion for partial summary judgment should be granted.

For the foregoing reasons, Defendant's motion for partial summary judgment on Plaintiff's retaliation claim is **GRANTED.**

New Orleans, Louisiana this 27th day of October, 2010.

UNITED STATES DISTRICT JUDGE