UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DENNIS BARNES**                                        **CIVIL ACTION**

**VERSUS**                                               **NO: 09-6629**

**RITE-AID**                                             **SECTION: B(2)**

<u>ORDER AND REASONS</u>

Before the Court is Defendant K&B Louisiana Corporation d/b/a/ Rite-Aid's Motion for Summary Judgment (Rec. Doc. No. 55), Plaintiff's opposition thereto (Rec. Doc. No. 57), and Defendant's Reply (Rec. Doc. No. 63).

For the following reasons, Defendant's Motion for Summary Judgment (Rec. Doc. No. 55) is **DENIED IN PART** and **GRANTED IN PART.**

Plaintiff, an African-American male, is a former employee of Rite Aid. Rec. Doc. No. 55-1, at 2. Plaintiff was originally hired as a student intern in 2002 and was promoted to Staff Pharmacist in approximately September 2004. *Id*. Plaintiff worked in that position until Hurricane Katrina, when he left the company and moved to Atlanta, Georgia. *Id*. Upon Plaintiff's return to New Orleans, he was re-hired by Rite Aid as a Staff Pharmacist, and he worked in that position from January 2006 until approximately May 2006, when he sustained an off-the-job injury. *Id*. When he recovered from his injury, Plaintiff was re-hired by Rite Aid as an hourly "floating" pharmacist, and he worked in that position from approximately January 2007 until approximately September 2008. *Id*.

Throughout Plaintiff's employment at Rite Aid, his supervisor was Pharmacy Development Manager Calvin Magee, also an African-American male. *Id.* at 3. Magee approved and processed Plaintiff's September 2004 promotion to Staff Pharmacist and re-hired Plaintiff in both January 2006 and January 2007. *Id.* Plaintiff filed the instant action on October 1, 2009, asserting claims for discriminatory denial of promotion and discriminatory discharge. *See* Rec. Doc. No. 1.[1] Specifically, Plaintiff argues that Magee discriminated against him because of his race, claiming Magee told him certain stores "were not suitable for a young black man" and subsequently that there was no work for him, while work continued to be available to a white female employed in the same position. *Id.*

Defendant argues that Plaintiff's discrimination claims should be dismissed with prejudice, as Plaintiff has not provided any evidence to rebut the "same actor" inference to which Rite Aid is entitled. Rec. Doc. No. 55-1, at 12. Defendant claims that the same actor inference is established here since Magee promoted Plaintiff, twice re-hired him, and twice offered him promotions; therefore, Magee is presumed not to act with discriminatory animus when denying a promotion or discharging the employee at a later date. *Id.* at 12-14. Defendant contends that Plaintiff has not set

---

[1] Plaintiff's Complaint additionally asserted a retaliatory discharge claim, which this Court dismissed with prejudice on October 28, 2010. *See* Rec. Doc. No. 53.

2

forth sufficient evidence to meet his burden of overcoming the inference, which is required for Plaintiff to prevail on his claims. *Id.*

Moreover, Defendant asserts that Plaintiff's failure to promote claim fails as a matter of law because Plaintiff cannot establish that he was denied promotion. *Id.* at 15. Defendant argues that Plaintiff admits Magee offered him a promotion to Staff Pharmacist twice, however Plaintiff rejected the first and did not pursue the second. *Id.* Additionally, Defendant contends that Plaintiff's distinction between stores that he terms "predominantly black" and "predominantly white" is irrelevant, since Plaintiff identifies no material differences between the two types of stores, i.e. he would have the same supervisor, same duties, same benefits, and same compensation. *Id.* at 16-17. Defendant further claims that even if Plaintiff could establish a *prima facie* case, his actions in previously turning down offers for promotion to Staff Pharmacist positions provide a legitimate non-discriminatory reason for not considering him for future Staff Pharmacist positions. *Id.* at 17. Defendant asserts that there can be no evidence of pretext where the reason for Plaintiff's non-promotion is his prior rejection of similar offers, particularly since Plaintiff cannot provide that any other employee who twice turned down offers for Staff Pharmacist was subsequently promoted to such position. *Id.*

Defendant similarly maintains that Plaintiff's discriminatory

3

discharge claim fails because Plaintiff cannot establish that he was in fact discharged. *Id.* at 18. Defendant points out that Plaintiff claims Magee told him there "was no more work for him" on September 30, 2008; however, Plaintiff admittedly applied for unemployment with the State of Louisiana 15 days earlier, claiming he was no longer employed by Rite Aid as a result of Hurricane Gustav. *Id.* Defendant additionally asserts that Plaintiff concedes that he did not work after September 11, 2008, as he failed to contact the primary scheduler of shifts after that date, although the scheduler continued to attempt to offer him shifts not only after September 11, but also after September 30. *Id.* at 4, 18-19. Defendant also notes that Plaintiff admits that he was never told by Magee that he was terminated. *Id.* at 4. Moreover, Defendant provides evidence that Plaintiff was automatically terminated by the Company's payroll department on or about November 20, 2008, because Plaintiff had not received a paycheck for 60 days. *Id.* at 19.

Plaintiff claims that although his "rejections" of previously offered promotions may ordinarily be the basis for granting summary judgment, due to his supervisor's alleged discriminatory statement, in this case, they should not. Rec. Doc. No. 57, at 1-2. Plaintiff provides that on September 8, 2007, Magee admitted to him: "I know it looks like you've gotten passed over, but in actuality those stores, Lakeview and Metairie Rd, were not suitable

4

for a young black male." *Id.* at 2; *see* Rec. Doc. No. 57-1, Plaintiff's Statement of Controverting Facts and Declaration under Penalty of Perjury, at 1. Plaintiff asserts not only that such evidence creates a disputed fact as to defendant's motivation, but also that it renders the "same actor" inference insufficient to warrant summary judgment. Rec. Doc. No. 57, at 2-3. Plaintiff further contends that as early as January 2007, Magee informed him that Magee was taking orders from Tammy Rogers, a regional manager, and therefore "he did not make decisions on his own anymore." *Id.* at 3. Plaintiff argues that Magee reiterated he had to answer to Rogers in the same conversation as when he told Plaintiff certain stores were not suitable for a black male, leading to the inference that Rogers was the source of the "white stores" policy and therefore a "different actor." *Id.* at 3-4.

Plaintiff defends his discriminatory discharge claim by arguing that his wife filed the application for unemployment, stating Gustav as the cause of his unemployment, "despite his asking her to show layoff." *Id.* at 4. Plaintiff therefore asserts that September 15, not September 30, was the date of Magee's statement and the date he no longer received work from Magee. *Id.* Plaintiff additionally contends that his discharge was discriminatory because he is entitled to the inference that Magee's discriminatory motive continued from his failure to promote Plaintiff to his statement that there was no more work for

5

Plaintiff. *Id.* at 5. Further, Plaintiff argues that had defendant not discriminated against him by keeping him in a "floater" position, he would not have been subject to termination by a reduction in hours. *Id.* at 5-6.

**A.   Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

**B.   Same Actor Inference**

Defendant contends that Rite-Aid is entitled to the "same actor" inference, as Magee initially promoted Plaintiff, twice re-hired him, and twice offered him promotions. Rec. Doc. No. 55-1, at 12. "The same actor inference creates the presumption that animus was not present where the same actor responsible for the adverse employment action either hired or promoted the employee at issue." *Spears v. Patterson UTI Drilling Co.*, 337 F. App'x 416, 421-22 (5th Cir. 2009). However, the presumption created by the same actor inference is not irrebutable. *Id.* at 422 (citing *Haun v. Ideal Industries, Inc.*, 81 F.3d 541, 546 (5th Cir. 1996) (declining to establish a rule that no inference of discrimination could arise under the same actor circumstances)). Indeed, the "same actor" inference does "not rule out the possibility that an individual could prove a case of discrimination." *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 658 (5th Cir. 1996).

Plaintiff attempts to show that the same actor inference should not apply by arguing, for the first time, that Rogers, and not his supervisor Magee, made the decisions at issue in this lawsuit and was therefore responsible for the discrimination against Plaintiff. Rec. Doc. No. 57, at 3-4. However, Plaintiff has failed to set forth any evidence in support of this assertion, merely stating that due to "the proximity of Magee's two statements in the same conversation, that is, 'white stores not suitable for

a black man' and he now had to answer to Tammy Rogers, the inference is that she was now calling the shots and was the source of the 'white stores' policy." *Id.* Plaintiff's inference alone, without any further proof, is insufficient to support Plaintiff's allegation that there was in fact a "different actor."

Nevertheless, Plaintiff has provided direct evidence of Magee's discriminatory intent, namely Magee's alleged statement regarding Plaintiff's race and his suitability for certain stores. *Id.* at 2; *see* Rec. Doc. No. 57-1, Plaintiff's Statement of Controverting Facts and Declaration under Penalty of Perjury, at 1. This evidence is sufficient to rebut the same actor presumption and support a reasonable inference of discrimination.

**C.  Plaintiff's Failure to Promote Claim**

Defendant contends that Plaintiff's failure to promote claim must fail as a matter of law because Plaintiff cannot establish that he was denied promotion. Rec. Doc. No. 55-1, at 15. Specifically, Defendant points to Plaintiff's deposition testimony, which admits that Magee offered him a promotion to Staff Pharmacist at Store No. 7262 (located at Canal Blvd), which Plaintiff rejected, and also at Store No. 7276 (located at Bullard), which Plaintiff did not pursue. *Id.* Plaintiff however claims that he was specifically "passed over" for certain stores on account of his race. Rec. Doc. No. 57, at 2; *see* Rec. Doc. No. 57-1, Plaintiff's Statement of Controverting Facts and Declaration under Penalty of

8

Perjury, at 1.  Although Defendant offers that Plaintiff's non-promotion was based on his previous rejection of Magee's offers, Plaintiff has set forth minimally sufficient evidence to create a genuine issue of material fact as to Magee's motivation. Rec. Doc. No. 55-1, at 17.  As set forth above, Plaintiff provides that on September 8, 2007, Magee admitted to him: "I know it looks like you've gotten passed over, but in actuality these stores, Lakeview and Metairie Rd, were not suitable for a young black male.  You weren't going to be happy; the customers weren't going to be happy; and then Rite-Aid wouldn't be happy. Trust me, I know." Rec. Doc. No. 57, at 2; *see* Rec. Doc. No. 57-1, Plaintiff's Statement of Controverting Facts and Declaration under Penalty of Perjury, at 1.

Accordingly, Defendant's Motion for Summary Judgment must be **DENIED** regarding Plaintiff's failure to promote claim.

**D.   Plaintiff's Discriminatory Discharge Claim**

Defendant also contends that Plaintiff's discriminatory discharge claim fails because Plaintiff was not actually discharged, but instead stopped accepting shifts. Rec. Doc. No. 55-1, at 18-19; Rec. Doc. No. 63, at 7.  Defendant points to Plaintiff's deposition testimony, in which he claims that he was told there was no more work for him on September 30, 2008, yet also admitted that he applied for unemployment on September 15, 2008, identifying Hurricane Gustav as the reason. Rec. Doc. No. 55-1, at 18; Rec. Doc. No. 63, at 8.  In his opposition memorandum,

9

Plaintiff asserts that his wife filed the application for unemployment and despite his asking her to identify layoff as the cause, she claimed Gustav as the cause of his unemployment. Rec. Doc. No. 57, at 4. Plaintiff further claims that September 15 was the date that he no longer received hours from Magee and that Magee's action was in fact the cause of his resignation. *Id.* In support of this assertion, Plaintiff submits a declaration from his wife, in which she states that she filed the unemployment application, lied therein about the cause of her husband's unemployment, and was told by her husband that Magee told him a few days earlier that he was not working anymore. *See* Rec. Doc. No. 57-2.

However, even assuming Plaintiff and his wife's contradictory statements to be true, i.e. Magee told him there was no work for him on or before September 15, 2008, Plaintiff's additional deposition testimony still refutes his claim that he was actually discharged. Plaintiff specifically admits that the scheduler continued to offer him shifts after both September 15, 2008 and September 30, 2008, that he never sent his September 2008 schedule to Magee, that Magee never told him that he was terminated, and that Defendant's payroll department automatically terminated him on or about November 20, 2008 because he had not received a paycheck for 60 days. Rec. Doc. No. 55-1, at 18-19, *see* Barnes Dep. at 135:5-10, 137:6-13, 142:16-143:24, Ellison Declaration, at 2; Rec.

10

Doc. No. 63, at 9-10, *see* Pl.'s Resp. To Def. SOMF, Rec. Doc. No. 57-1, at 5-6, Nos. 70, 71, 81, 82, 85, 88, 89.  Plaintiff was therefore ultimately terminated due to his failure to accept shifts repeatedly offered after his supervisor's alleged statement.

Accordingly, Defendant's Motion for Summary Judgment is hereby **GRANTED** regarding Plaintiff's discriminatory discharge claim.

New Orleans, Louisiana this 10th day of January, 2011.

United States District Judge